Filed 10/1/14  P. v. Nickerson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL VAUGHN NICKERSON,<br><br>    Defendant and Appellant. | G049405<br><br>(Super. Ct. No. FBA006680)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of San Bernardino County, Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Appellant Michael Vaughn Nickerson was convicted by jury in 2005 of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)), driving with a 0.08 percent blood alcohol level causing injury (Veh. Code, § 23153, sub. (b)), leaving the scene of an accident (Veh. Code, § 20001, subd. (a)), and possession of a deadly weapon (Pen. Code, § 12020, subd. (a)(1)). It was also found that appellant had suffered two strike priors (Pen. Code, §§ 667, subds. (b)-(i) and 1170.12, subds. (a)-(d)), and five state prison priors (Pen. Code, § 667.5, subd. (b)). The court sentenced him to 25 years to life on the manslaughter with two prior strike offenses, added the 5 one-year priors consecutively, and ran the other charges on which he could be sentenced concurrently. We affirmed his conviction on appeal in 2008, after which it wended its way through federal habeas corpus before a United States magistrate, a United States district judge, and the 9th Circuit Court of Appeals without alteration.

On November 6, 2012, the voters of this state enacted Proposition 36, which amended the "Three Strikes" law and enabled a prisoner serving an indeterminate sentence because of two prior strike convictions to petition for resentencing if his or her current conviction was not for a serious felony. Proposition 36 was enacted into law as Penal Code section 1170.126.

On October 2, 2013, appellant petitioned for relief under this provision, despite the fact he was incarcerated for a crime classified as a serious felony (gross vehicular manslaughter while intoxicated, listed in Pen. Code, § 1192.8, subd. (a)). His petition was denied on the basis he was ineligible because his commitment offense was a serious felony.

Nickerson appealed, and we appointed counsel to represent him. Counsel did not argue against her client, but advised this court she could find no issues to argue on appellant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed a brief which

set forth the procedural history of the case, and the only conceivable appellate issue in an appeal from a denial of a petition pursuant to Penal Code section 1170.126: the applicability of Penal Code section 1170.126 to appellant.

Appellant was given 30 days to file written argument in his own behalf if he chose to. He filed a brief (or, more accurately, another inmate filed a brief for him) but – with one exception – the only issues it addressed had to do with competency of counsel at his trial, issues that cannot be addressed in an appeal from this motion, and which were not raised in his direct appeal six years ago.

The aforementioned exception is a statement that one of the "issues presented for review" is "Appeallate [*sic*] attorney did not investigate facts and therefore also ineffective in assistance of council [*sic*]." But no argument is actually addressed to that issue in the brief, and our resolution of the merits of this matter conclusively establishes no such argument could succeed.

This is because the ruling of the trial court – denying Nickerson's petition because relief pursuant to Penal Code section 1170.126 was not available to him – is correct. Penal Code section 1170.126 was enacted to provide relief to prisoners whose Three Strikes law commitment was based on conviction of a crime that was not serious or violent under the Penal Code. As noted above, appellant's manslaughter conviction is listed as a serious crime under Penal Code section 1192.8, subdivision (a).

That is why his attorney filed a *Wende* brief. Appellant sought relief under Penal Code section 1170.126. He is not eligible for such relief and both the court below and appellate counsel recognized that fact. We have reviewed the record and cannot conceive of any issue that could be raised on this appeal.

3

The judgment is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

IKOLA, J.

4